UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:10-cr-20767-JLK-4/Becerra

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARGARITA ACEVEDO,

    Defendant,

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court upon Defendant Margarita Acevedo's ("Defendant" or "Acevedo") "Motion for Hearing" ("Motion"), ECF No. [594]. The Government filed its Response to Defendant's "Motion for Hearing" ("Response"), ECF No. [595], and the Court held a hearing on this matter, ECF No. [598]. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [594], be **DENIED**.

### I.    BACKGROUND

On September 20, 2011, the Court imposed judgment against Defendant to include an assessment in the amount of $200.00 and restitution in the amount of $87,533,863.46, plus statutory interest. ECF No. [330]. An Amended Judgment reducing the restitution judgment to the amount of $72,687,629.00, plus statutory interest, was entered on September 21, 2011. ECF

---

[1] The Honorable James Lawrence King, United States District Judge, referred this matter to the undersigned for a report and recommendation. ECF No. [596].

No. [340].  As part of the Amended Judgment, the United States is entitled to 10% of Defendant's monthly gross earnings and those "payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations."  *Id.*  The United States of America recorded its Notice of Lien for Fine and/or Restitution on January 20, 2016 (the "lien").  ECF No. [595-1].

Defendant entered into a Marital Settlement Agreement ("MSA") on February 21, 2021 which provides for the sale and division of proceeds of the marital home.  ECF No. [595-2].  Defendant and her former husband agreed that two mortgages and IRS tax liens between $127,000.00 and $135,000.00 will be subtracted from the sale price before distribution of remaining net proceeds.  *Id.* at 13.  Regardless of the amount of net sale proceeds, the MSA entitles Defendant to a minimum of $54,000.00.  *Id.*  Any monies to be paid to Defendant shall be disbursed to the Law Office of Amber B. Glasper's trust account.  *Id.* at 15.  At the hearing, the Government stated that upon learning that Defendant stood to receive monies from the sale of a property, it requested the issuance of a writ of garnishment on said monies.

On June 26, 2021, Defendant sent the U.S. Attorney's Office a written request to appear before a judge, the instant Motion, asking that the she be allowed to keep the proceeds that were agreed to in the MSA.  ECF No. [594].  The Court accepted the letter as a request to be relieved of the judgment and held a hearing where both Defendant and the Government appeared.  *See* ECF No. [598].  In the Motion, Defendant argues that she would not be profiting from the sale or investing in a "money-making opportunity."  *Id*.  Defendant references her previous cooperation with the government in the criminal case and requests to keep some of the proceeds of the sale of the marital home so that she may purchase an apartment or townhouse.  *Id.*  At the hearing, Defendant asked the Court to review the terms of the lien.  She stated that her intention was to

comply with its terms to the best of her ability but to retain some, though not all, of the monies to purchase a home.

The Government reiterated its position that Defendant's share of the proceeds from the sale of the home should be applied to her outstanding restitution judgement. The Government noted that the Defendant has only personally paid about $7,000 towards her restitution judgment and is thus still subject to the lien. Moreover, the Government argues that the lien outweighs Defendant's desire to own a home. It further contends that although the Court provided for a payment schedule, the schedule does not preclude the Government from pursuing Defendant's other assets or income to satisfy the restitution obligation.

## II.     ANALYSIS

An order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined . . ." 18 U.S.C. § 3613(c). Upon the entry of judgment, the lien arises and "continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." *Id.* The lien is perfected once a Notice of Lien has been filed with the Clerk of Courts in the county where the real property lies and becomes effective upon notice. *See id.* at § 3613(d).

A sentencing court's restitution judgment can reach any property the IRS can reach to satisfy a tax lien, and the United States' lien reaches every interest in property a debtor may have. *See United States v. De Cespedes*, 603 F. App'x 769, 771 (11th Cir. 2015). Accordingly, the transfer of real estate does not affect an existing restitution lien. *Id.* at 772 (quoting *Burton v. Smith*, 38 U.S. 464, 483 (1839) (where the transfer of property "did not affect the existing restitution lien attached to the property because 'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere'").

3

Enforcement of a criminal restitution order is subject to exceptions set forth under 26 U.S.C. § 6334(a). The list of property exempt from levy includes items such as clothing, schoolbooks, undelivered mail, certain annuity and pension payments, child support, and a set amount of personal effects. 26 U.S.C. § 6334(a). "Defendant bears the burden of establishing that the property . . . is exempt" pursuant to a § 6334(a) exemption. *United States v. Martell*, No. 15-20539-CR, 2016 WL 3627329, at *2 (S.D. Fla. May 10, 2016), *report and recommendation adopted*, No. 15-20539-CR, 2016 WL 3544461 (S.D. Fla. June 27, 2016).

Here, the Government's lien was perfected on January 20, 2016, and remains valid for twenty (20) years following Defendant's release from prison. *See* 18 U.S.C. §§ 3613(b), (d). Cash proceeds do not fall within the exceptions outlined in 26 U.S.C. § 6334 and the Defendant has not proven otherwise. Thus, the undersigned concludes that the proceeds that Defendant stands to gain from the sale of the home are subject to levy by the Government in accordance with the terms of the restitution judgment lien.

First, Defendant argues that she cannot meet the restitution judgment in the amount of approximately $72,000,000.00 and should be allowed to keep some of the proceeds so that she can purchase a home. However, her inability to satisfy the judgment against her does not affect the force of the lien against Defendant. The purpose of the Mandatory Victim Restitution Act is "to ensure that victims, to the greatest extent possible, are made whole for their losses." *United States v. Huff,* 609 F.3d 1240, 1249 (11th Cir. 2010) (citing *United States v. Arutunoff,* 1 F.3d 1112, 1121 (10th Cir.1993); 18 U.S.C. § 3663(b)(1) (stating that an order of restitution requires that the defendant pay an amount correspondent to the loss that the defendant's victim experienced). Inability to satisfy the entire judgment does not release a defendant from responsibility to comply with judgment. *See United States v. Collins*, 854 F.3d 1324, 1329 (11th Cir. 2017) (citing *Huff*,

4

609 F.3d at 1247) ("The restitution award must be the full amount of the victim's loss that was actually and proximately caused by the defendant's conduct, regardless of the defendant's current or anticipated ability to pay."); *United States v. Ernst*, No. 2:06-CR-10-FtM-29DNF, 2010 WL 3746950, at *2 (M.D. Fla. Sept. 21, 2010) (citing 18 U.S.C. § 3664(f)(1)(A) ("Restitution is ordered without regard to defendant's economic circumstances.")). Indeed, the Government's interest in fulfilling the restitution judgment supersedes Defendant's desire to own a home.

Second, making payments towards the restitution judgment "has no bearing on the Government's ability to collect on the unpaid restitution through other means." *United States v. Vico*, 360 F. Supp. 3d 1328, 1332 (S.D. Fla. 2019); *See Ernst*, 2010 WL 3746950, at *4 (explaining that a payment schedule "does not affect the United States' ability to enforce the restitution judgment, which exists independently of any court-ordered schedule."). Moreover, the terms of the restitution judgment itself are clear: "[t]hese payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." ECF No. [340] at 5.

Finally, the Court is unpersuaded that Defendant's cooperative posture in her criminal case discharges her from the full force of the lien. Cooperation does not provide a legal basis to exempt assets that would otherwise be subject to levy, and cash proceeds are not exempt from levy under 18 U.S.C. § 3613. Further, Defendant has already received the benefits of her cooperation by way of Federal Rule of Criminal Procedure Rule 35 motions which reduced her prison sentence.

### III.   CONCLUSION

For the reasons stated at the hearing and as set forth above, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [594] be **DENIED**.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.

Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on October 15, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE